UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NULL, | ) | Case No.: 1:10 CV 521 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Michael Null ("Plaintiff") in the above-captioned case. Null sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation "R & R"). Both parties submitted briefs on the merits. Null sought an order reversing the Administrative Law Judge's ("ALJ") decision, and in the alternative remanding the case. The Commissioner sought final judgment upholding the decision below. Specifically, Plaintiff argued that the ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence. (Pl.'s Br. on the Merits, ECF No. 12.)

Magistrate Judge Limbert submitted his R & R on July 15, 2011, recommending that the Commissioner's decision be affirmed (ECF No. 18). First, he concluded that the ALJ provided sufficient reasoning for his decision to reject treating physician Dr. Abraham's opinion in the November 2008 letter. Next, Magistrate Judge Limbert concluded that the ALJ's finding that

Plaintiff has the residual functional capacity to perform light work when Plaintiff takes his medication as prescribed, was supported by substantial evidence.

Plaintiff filed objections to the R & R on July 28, 2011. (ECF No. 19.) Plaintiff contends *Cole v. Comm'r Soc. Sec.*, No. 09-4309, 2011 WL 2745792 (6th Cir. July 15, 2011), demonstrates that the Magistrate Judge's conclusion regarding the ALJ's decision not to give Dr. Abraham's November 2008 controlling weight was improper, because it did not adhere to the treating physician rule. In *Cole*, the Sixth Circuit reiterated that the treating physician rule requires the ALJ to "give a treating source's opinion controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] . . . case record.'" *Cole*, 2011 WL 2745792, at *8. If an ALJ refuses to give a treating physician's opinion controlling weight, the ALJ must balance " 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.' " *Id.* The court held that the ALJ's opinion violated the treating physician rule, because the ALJ "failed to assign a weight and provide any reasons for disregarding" the treating physician's opinion. *Id.* at *9. Because the ALJ violated the treating physician rule, the court concluded that the ALJ's decision was not supported by substantial evidence. *Id.* at 10.

Here, the ALJ assigned a weight to Dr. Abraham's letter and provided reasons for disregarding it. The ALJ gave Dr. Abraham's November 2008 letter little weight because Dr. Abraham "'did not explain how he came to his conclusions, which are inconsistent with his [Plaintiff's] treatment records.'" (ECF No. 18, at pp. 5–6). An ALJ must give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical techniques and

is consistent with other evidence in the record. The letter in this case did not meet the standard, which would require that it receive controlling weight. Therefore, the letter was given little weight and disregarded because Dr. Abrahams did not explain how he came to his conclusions and his conclusions were not consistent with the treatment records. In contrast, the ALJ gave significant weight to Dr. Abraham's treatment notes because they were consistent with the medical evidence. Therefore, Plaintiff's objections are not persuasive.

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 18.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 30, 2011